IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO CHAIDEZ,

    Petitioner,                    No. CIV S-08-1980 JAM EFB P

    vs.

JAMES TILTON, Warden,

                                    ORDER AND
    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the August 22, 2008, petition. Respondent moves to dismiss this action on the ground that it is untimely. Petitioner opposes this motion and requests appointment of counsel. For the reasons stated below, the undersigned denies petitioner's request for counsel and recommends that respondent's motion to dismiss be granted.

**I.    Introduction**

       Petitioner challenges a nearly ten-year old conviction. Respondent contends that petitioner cannot now challenge his conviction in a federal habeas petition because the one-year limitation period applicable to federal habeas petitions has long since expired. Petitioner contends that the period of time he delayed in filing his petition is subject to equitable tolling

1

which should save his petition. He argues that his counsel failed to file a federal habeas petition or to return his trial transcripts in time for him to file a federal petition and that he was ignorant of the law. He also contends that compliance with the limitations period should be excused because of a fundamental miscarriage of justice, i.e., he was innocent of the crime for which he was convicted. As discussed below, petitioner has not demonstrated that the circumstances of this case warrant equitable tolling. Neither has he demonstrated that he is innocent. Thus, he fails to demonstrate that he is excused from compliance with the statute of limitations. Accordingly, the court recommends that respondent's motion be granted.

**II.    Request for Counsel**

Petitioner has requested that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appointment counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings. Thus, his request must be denied.

**III.   Facts**

On February 4, 1997,[1] petitioner was convicted of murder and discharging a firearm from a dwelling. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), 1. He was sentenced to a term of 25 years to life in prison, plus ten years as an enhancement for personal use of a firearm. *Id.* Petitioner appealed. Other than striking the enhancement, the appellate court affirmed the judgment on May 24, 1999. Lodg. Doc. 2. Petitioner sought review in the California Supreme Court, Lodg. Doc. 3, which denied review on July 29, 1999. Lodg. Doc. 4.

---

[1] For each date petitioner filed a habeas petition in state and in federal court, the court deems the petition filed the date reflected on the certificate of service. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

On some unspecified day in July of 2000, petitioner retained an attorney to review his conviction and determine whether a petition for a writ of habeas corpus should be filed in state court. Pet'r Opp'n, Ex. A at 2. Thereafter, members of petitioner's family gave the attorney transcripts of petitioner's trial. Pet'r Opp'n, Ex. A. Counsel informed them that he would review the documents and speak with petitioner's appellate attorney. *Id.* After doing these things, counsel advised petitioner's family that he did not believe there were any claims worth pursuing. *Id.* It is not clear when he so advised them, but counsel had no further contact with them. *Id.* In a February 1, 2006, letter to petitioner, counsel explained that petitioner had not inquire about or pay additional fees in order that counsel would file a federal habeas petition. Petitioner alleges that for years, he and his family requested the return of his transcripts. Pet'r Opp'n, at 2. Based on the February 1, 2006, letter, it appears that petitioner wrote to counsel. However, there is no evidence of when or that he wrote any other letters. On March 15, 2006, counsel returned the transcripts to petitioner.

Having received his transcripts, petitioner filed a petition for a writ of habeas corpus in the trial court on October 9, 2007. Lodg. Doc. 5. That court denied relief on October 23, 2007, on the ground that petitioner substantially delayed in filing the petition and offered no explanation therefor. Lodg. Doc. 6. On October 31, 2007, petitioner filed a petition for a writ of habeas corpus in the appellate court. Lodg. Doc. 7. That court denied relief November 9, 2007, without citation or explanation. Lodg. Doc. 8. On January 7, 2008, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. Lodg. Doc. 9. Respondent has submitted a docket sheet from that court's web site showing that the petition was denied on July 9, 2008. Lodg. Doc. 10.

Petitioner filed his federal habeas petition on August 14, 2008.

**IV.     Statute of Limitations**

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created

impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The period "is not tolled from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The Ninth Circuit recognizes the availability of equitable tolling as a doctrine that saves an untimely petition. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**V.      Analysis**

    **A.  Commencement of the Limitation Period**

The first step in determining whether the petition is untimely is to determine when the limitation period commenced. Respondent argues that the period commenced as of the finality of petitioner's conviction. Petitioner does not argue that any of the other three possible events, articulated in 28 U.S.C. § 2244(d)(1) for triggering the limitation period, apply. Nor does the record support application of any other triggering event. Therefore, the limitations period

commenced on the date the conviction became final on direct review.

**B.  Timeliness of the Federal Petition**

Pursuant to *Bowen*, 188 F.3d at 1158-59, petitioner's conviction was final October 28, 1999, i.e., 90 days after the California Supreme Court denied his petition for review.  One year from this date was Sunday, September 29, 2000.  As the federal courts are closed on Sundays, petitioner had until Monday, September 30, 2000, to file his federal habeas petition.  *See* Fed. R. Civ. P. 6(a)(3).  Absent tolling, the January 6, 2009, petition is 8 years, 6 months and 8 days late.

**C.  Statutory Tolling**

Petitioner does not assert that he is entitled to statutory tolling.  Instead, he relies entirely on arguments that he is entitled to equitable tolling and that his innocence excuses him from complying with the limitation period.  Pet'r Opp'n, at 1-4.  However, the Ninth Circuit has instructed that district courts must determine whether a petitioner benefits from statutory tolling before considering whether he is entitled to equitable toling.  *Jorss v. Gomez* 311 F.3d 1189, 1192 (9th Cir. 2002) (equitable tolling framework requires a court first determine whether the petition was timely filed under 28 U.S.C. § 2244(d)(1) and whether the petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2)).  Therefore, the court follows this analytical framework.  Here, petitioner's conviction was final October 28, 1999, and he had to file his federal habeas petition no later than September 30, 2000.  He would be entitled to tolling for any part of the one year period during which he was actually pursuing a state court petition.  But petitioner filed his first state postconviction motion on October 9, 2007, just over 7 years after the limitation period had expired.  A petitioner is not entitled to statutory tolling when the state court petition is filed after the one-year limitations period has already run.  *Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  As petitioner did not file a state postconviction motion before the limitation expired, he is not entitled to statutory tolling.  Accordingly, for the petition to be timely petitioner must demonstrate that he is entitled to equitable tolling.

////

### D. Equitable Tolling

Petitioner bases his argument for equitable tolling on the claim that his postconviction counsel was ineffective. Respondent argues that postconviction counsel's conduct does not support a finding that petitioner is entitled to equitable tolling.

A habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained that under this standard:

> The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). The purpose for equitable tolling is "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court," and to "prevent the unjust technical forfeiture of causes of action." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2007) (granting equitable tolling where petitioner, in deciding when to file his federal petition, relied in good faith on binding Ninth Circuit precedent that later was overruled). Thus, "[e]quitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris*, 515 F.3d at 1055.

#### 1. Extraordinary Circumstances

The court first considers whether petitioner has alleged facts sufficient to find that the circumstances were extraordinary.

##### a. Counsel's Ineffectiveness

Petitioner contends that the attorney he believed would file a habeas petition on his behalf was ineffective. He asserts that counsel failed to return petitioner's file to him in time for petitioner to file a federal habeas petition. Pet'r Opp'n, at 2. Respondent asserts that counsel's conduct was not so egregious as to warrant equitable tolling. Resp.'s Mot. to Dism., at 3. As

6

noted, the first prong of the equitable tolling analysis requires the court to determine whether petitioner was confronted with an "extraordinary circumstance." Ordinarily, attorney negligence does not constitute an extraordinary circumstance entitling a habeas petitioner to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (counsel's miscalculation of filing date not a basis for equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (same). The United States Supreme Court has confirmed the Ninth Circuit's rule in this regard. *Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007). In *Lawrence*, the Court held that state postconviction counsel's error in calculating the limitations period is not serious enough for a court to grant equitable tolling. *Id.*, at 336. The Court explained that:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

*Id.*, at 336-37. However, the Ninth Circuit has found that a petitioner's lack of access to legal materials during a time when there were obvious questions about the law governing the tolling of the limitation period can be an extraordinary circumstance. *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (remanding to district court for development of the factual record). Moreover, postconviction counsel's conduct in ignoring his client's case, his client's inquiries about the status of his case and his client's requests for transcripts and other materials is an extraordinary circumstance. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). Here, however, counsel's alleged ineffectiveness is inapposite because there is no evidence that it occurred before the limitation period expired. As noted, petitioner's conviction was final on October 28, 1999, and he had to file his federal petition no later than September 20, 2000. On some unspecified date in July 2000, petitioner retained counsel to review his trial transcripts for error, apparently in order to file a federal habeas petition. Counsel reviewed the transcripts and contacted petitioner's appellate attorney. The evidence shows that on February 1, 2006, counsel wrote to petitioner in response to petitioner's inquiry about his case. The evidence also shows that counsel returned

7

petitioner's file March 15, 2006, long after the limitation period expired.  Although petitioner alleges that he repeatedly contacted counsel about the case and transcripts, there is no evidence he did so before the limitation period expired.  Accordingly, petitioner has not shown that counsel ignored him, his case or his inquires at a time when a federal petition could have been filed.  The court cannot find that counsel's conduct constitutes an extraordinary circumstance that warrants equitable tolling. Having reached this conclusion, the court need not consider the question of diligence.

### b.  Petitioner's Ignorance of the Law

It appears that petitioner contends his ignorance of the law during the time he could have filed a federal habeas petition entitles him to equitable tolling.  However, the Ninth Circuit unequivocally has held that a petitioner's lack of knowledge and expertise in the law is not an extraordinary circumstance for purposes of equitable tolling.  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### c.  Fundamental Miscarriage of Justice

Petitioner also argues that he should be excused from satisfying the limitations period because he is innocent.  Pet'r Opp'n, at 3.  Respondent argues that petitioner cannot satisfy the applicable legal standard; and, therefore, his compliance with the limitations is not excused. Resp.'s Reply, at 5.  The argument petitioner makes ordinarily is applied where a petitioner has defaulted a state's procedural rules such that a federal court is barred from reaching the merits of his claims on habeas corpus.  *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *House v. Bell*, 547 U.S. 518, 521 (2006); *Carriger v. Stewart*, 32 F.3d 463, 477 (9th Cir. 1997).  However, the Ninth Circuit has applied the fundamental miscarriage of justice rule in the context of untimely federal habeas petitions where neither statutory nor equitable tolling can save the petition.  *Johnson v. Knowles*, 541 F.3d 933, 836-37 (9th Cir. 2008).  To excuse the untimeliness of the petition petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.  This standard can

8

be satisfied only when a petitioner "support[s] his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Id.* at 324. However, "the habeas court's analysis is not limited to such evidence." *House*, 547 U.S. at 537. The court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538. Based on all the evidence, the court must not "make an independent factual determination about what likely occurred, but rather [] assess the likely impact of the evidence on reasonable jurors." *Id.* With these standards in mind, the court turns to the petitioner's argument.

### d. **Petitioner's Innocence**

As noted, petitioner argues that he is innocent. Respondent argues that petitioner has not submitted newly discovered evidence, without which petitioner cannot satisfy the burden under *Schlup*, 513 U.S. at 327. The process of evaluating a claim of innocence begins with the crimes for which petitioner was convicted, here the crimes of murder and discharging a firearm from a dwelling. Cal. Penal Code §§ 187(a), 246. Although petitioner mentions in various parts of his portions of his filings that he believes he is innocent,[2] *see* Pet'r Opp'n, at 3-4, he does not address the offenses of which he was convicted and nor does he specifically identify what evidence demonstrates that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. He argues that trial and appellate counsel were ineffective, *see* Pet'r Opp'n, at 3, but he does not provide any facts to support this argument. *See Strickland v. Washington,* 466 U.S. 668, 690 (1984) (petitioner must allege particular facts in order to show incompetence of counsel). He does not allege that he has recently discovered new facts and nowhere in the papers does he in any way proffer or explain a basis for his alleged innocence using the standards articulated above. Rather, other than

---

[2] In the petition, petitioner alleges the following grounds for relief: (1) the prosecution improperly excluded African-Americans and Hispanics from the jury; (2) trial counsel's representation was constitutionally deficient; (3) the prosecution knowingly presented false evidence; and, (4) appellate counsel's representation was constitutionally deficient.

9

asserting he is innocent, he makes no argument at all in this regard. Thus, petitioner has not demonstrated that there has been a fundamental miscarriage of justice that excuses the untimeliness of his petition.

**VI.  Conclusion**

For the reasons explained above, respondent's motion must be granted and this action must be dismissed.

Accordingly, it is hereby ORDERED that petitioner's request for counsel is denied.

Further, it is RECOMMENDED that respondent's December 22, 2008, motion to dismiss be granted and that this action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 18, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

10